**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000628
09-DEC-2020
07:50 AM
Dkt. 54 SO**

NO. CAAP-18-0000628

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
NIGEL MATTHEW HILL, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-17-00098)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Nigel Matthew Hill (**Hill**) appeals from a Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), filed on July 18, 2018, in the District Court of the First Circuit (**district court**).[1]

Following a bench trial, the district court convicted Hill of (1) Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(3) (2007 & Supp. 2016)[2] (**Count 1**); and Excessive

---

[1] The Honorable James C. McWhinnie presided.

[2] HRS § 291E-61(a)(3) provides in relevant part:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> . . .

(continued...)

Speeding, in violation of HRS § 291C-105(a) (2007) (**Count 2**).[3] Hill's conviction for OVUII was based on evidence of a breath test, and his conviction for Excessive Speeding was predicated on evidence of a laser device reading that showed him driving at 93 miles per hour in a 45-mile-per-hour zone.

On appeal, Hill argues that: (1) the district court erred in admitting the speed reading because Plaintiff-Appellee State of Hawaiʻi (**State**) did not establish sufficient foundation that (a) the citing officer's laser device was tested for accuracy according to the manufacturer's recommendations, and (b) the citing officer's training to operate the device met the manufacturer's requirements; and (2) the district court erred in admitting the breath test results because Hill did not knowingly and intelligently consent to the test.

Upon careful review of the record and the briefs submitted by the parties, having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we reverse in part and affirm in part.

(1) With regard to Hill's first point of error, to lay an adequate foundation for the speed reading from a laser gun, the State must demonstrate that: (a) the accuracy of the laser gun was tested according to the manufacturer's recommended procedures; and (b) "the nature and extent of an officer's

---

[2](...continued)
        (3)    With .08 or more grams of alcohol per two
               hundred ten liters of breath[.]

[3]    HRS § 291C-105(a) provides:

        (a) No person shall drive a motor vehicle at a speed
        exceeding:

               (1)    The applicable state or county speed limit
                      by thirty miles per hour or more; or

               (2)    Eighty miles per hour or more irrespective
                      of the applicable state or county speed
                      limit.

training in the operation of a laser gun [met] the requirements indicated by the manufacturer." <u>State v. Assaye</u>, 121 Hawaiʻi 204, 213-15, 216 P.3d 1227, 1236-38 (2009). To meet the training prong, "the prosecution must establish both (1) the requirements indicated by the manufacturer, and (2) the training actually received by the operator of the laser gun." <u>State v. Gonzalez</u>, 128 Hawaiʻi 314, 327, 288 P.3d 788, 801 (2012).

The State did not establish the training prong. Officer Ty Ah Nee (**Officer Ah Nee**) testified that he took two training courses for "LIDAR" devices manufactured by Laser Technologies, Inc. (**LTI**): one to operate LTI's Ultralyte model, and the other, conducted by Corporal Robert Steiner (**Corporal Steiner**), to operate LTI's 20/20 TruSpeed model (**TruSpeed**), which Officer Ah Nee used to measure Hill's speed on the date of the subject incident. Officer Ah Nee testified that he received an LTI manual for the device during his Ultralyte training, and that LTI does not have any training requirements because the manual did not specify "exactly how many hours or what [was] needed" to be able to use the device.

The State did not adduce any evidence that the LTI manual Officer Ah Nee received for the Ultralyte training also applied to the TruSpeed, or elicit any testimony as to any manual in relation to Officer Ah Nee's training for the TruSpeed. On this record, the State did not carry its burden to establish what the manufacturer's requirements actually are for training officers to use the TruSpeed. <u>See</u> <u>State v. King</u>, No. CAAP-13-0000908, 134 Hawaiʻi 540, 345 P.3d 206, 2015 WL 1400903, at *2 (App. Mar. 27, 2015).

Moreover, the record does not indicate that LTI trained or certified Corporal Steiner to be a TruSpeed instructor, that LTI approved the TruSpeed course attended by Officer Ah Nee, or that Officer Ah Nee received any LTI certification to operate that device. Based on the foregoing, the State failed to establish the training prong. <u>See</u> <u>State v. Amiral</u>, 132 Hawaiʻi 170, 178-79, 319 P.3d 1178, 1186-87 (2014); <u>State v. Torres</u>, No.

3

CAAP-18-0000887, 148 Hawaiʻi 26, 466 P.3d 885, 2020 WL 3542160, at *2 (App. June 30, 2020).  Thus, the State failed to lay a sufficient foundation for the speed reading, and the district court erred in admitting that evidence.  There was no other evidence to indicate that Hill's vehicle was traveling at a speed exceeding the speed limit by 30 miles per hour or more, or that his vehicle was traveling in excess of 80 miles per hour, in violation of HRS § 291C-105(a)(1) or (a)(2), respectively.  Therefore, Hill's conviction for excessive speeding must be reversed.[4]  See Assaye, 121 Hawaiʻi at 216, 216 P.3d at 1239.

(2) With respect to Hill's second point of error, the district court did not err in admitting the results of Hill's breath test.  The crux of Hill's argument is that he did not knowingly and intelligently consent to the test because the police department's implied consent form, which advised him of his right to refuse testing, was coercive.  The implied consent form was not coercive, and Hill fails to establish that the evidence otherwise indicates that he was coerced.  See State v. Hosaka, 148 Hawaiʻi 252, __, 472 P.3d 19, 30 (2020).

Therefore, IT IS HEREBY ORDERED that the Judgment entered by the District Court of the First Circuit is reversed in part and affirmed in part.  Hill's conviction for Excessive Speeding is reversed, and his conviction for OVUII is affirmed.

DATED:  Honolulu, Hawaiʻi, December 9, 2020

On the briefs:

Melanie R. Ragamat,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[4]  In light of our holding, we do not address Hill's argument that the State failed to demonstrate that the accuracy of Officer Ah Nee's device was tested according to the manufacturer's recommended procedures.